IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL ELLENBURG, | Cause No.  CV 09-00013-GF-SEH-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CASE |
| WARDEN SAM LAW, et. al., | |
| Defendants. | |

Currently pending is Plaintiff's Amended Complaint (Document 7), Plaintiff's Motion for Injunction (Document 12), and Plaintiff's Motion for Extension of Time (Document 13).  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  BACKGROUND

Plaintiff filed his original Complaint on January 22, 2009 alleging claims of failure to protect, failure to provide adequate medical and dental care, and retaliation.  (Document 2, p. 4, ¶ IV(A)(1)).

On February 23, 2009, the Court began the prescreening process pursuant to

28 U.S.C. § 1915 and 28 U.S.C. § 1915A and issued an Order permitting Plaintiff

to file an amended complaint.

Plaintiff filed an Amended Complaint on March 5, 2009 (Document 7) and

two addendums to his Amended Complaint (Documents 8 and 9).  On May 19,

2009, Plaintiff filed a Motion for an Order for Injunctive Relief and a T.R.O.

(Document 12) and a Motion for Extension of Time (Document 13).

## II.  PRESCREENING

The prior Order said:

Plaintiff's Complaint as currently plead, is subject to dismissal for
failing to state a claim upon which relief may be granted.  Plaintiff's
mere listing of claims and defendants without providing a factual
basis for said claims and a description of how each defendant
participated in each claim is insufficient under Rule 8 of the Federal
Rules of Civil Procedure.  Plaintiff has not linked the actions of the
named Defendants to the alleged constitutional deprivations.  These
defects could potentially be cured by the allegation of additional facts
and so Plaintiff will be given the opportunity to file an amended
complaint.

(Document 5–Order of February 23, 2009, p. 9).  Plaintiff failed to cure these

deficiencies.  Instead, Plaintiff repeatedly indicated that "because of the numerous

issues involved, rather than trying to identify each individual issue that form the

basis for the Petitioner's claim, it will be necessary for the Court to order

discovery and complete copy of all the existing records at M.S.P. and C.C.C. held

by the defendants since March 8, 2006 to _____." (Document 7–Amended

Complaint, p. 9).  Plaintiff was instructed in the Court's prior Order that he had to

provide a factual basis for his claims and if he failed to do so, his case would be

subject to dismissal.  He has refused.

Plaintiff's allegations fall into three groups:  (1) Failure to protect claims as

alleged in Claims 1, 2, 2a, and 2c; (2) Denial of medical, dental, and mental health

care claims as alleged in Claim 2b; and (3) Claims of retaliatory disciplinary

proceedings resulting in custody increases, custody isolation, transfers to

maximum security, and deprivation of human rights as alleged in Claim 2d.

A.  Failure to Protect

Plaintiff's only allegation in his Amended Complaint (besides his listing of

claims) is that,

> "[a]ll the named defendants at C.C.C., Shelby, Montana failed to
> protect the Petitioner's physical well-being  and property from
> assault, battery, theft, robbery and extortion, resulting in property
> loses in the excess of $500.00 and physical injury from battery and
> assault resulting in 3 broken ribs and mental terror due to the
> deliberate indifferent to protect the Petitioner when he requested
> protection and assistance from all the defendants named!"

(Document 7–Amended Complaint, p. 6(11)).

In an addendum to his amended complaint Plaintiff alleges,

> all the defendants so named intentionally failed to protect the
> petitioner from being violently assaulted in the prison, and as such it
> is simply not part of the penalty that a criminal offender must pay for
> their offenses against society.  The guards at C.C.C. Shelby allowed
> high security inmates (C.C.M.P.) out of their cells to attack other
> prisoners.  All the defendants so named, after numerous requests
> failed to protect the Plaintiff from attack despite his grievance
> requesting protection.

(Document 8–First Addendum to Amended Complaint, p. 5).

Plaintiff was specifically instructed in the Court's prior Order that he needed to "(1) identify his causes of action, (2) provide a statement of the supporting facts for each cause of action, (3) list the defendants involved in each specific claim, and (4) describe how each defendant is personally involved." (Document 5, p. 11).

Plaintiff's conclusory allegations that all defendants failed to protect him are inadequate and do not comply with the Court's prior order.  There is no description of where or when these incidents occurred, which guards were involved, when Plaintiff made his grievances regarding protection, etc.  Plaintiff knows how to present sufficient information to state a claim and he did not do so on this claim.

B. <u>Denial of Medical, Dental and Mental Health Claims</u>

Plaintiff named eight medical providers in his Amended Complaint alleging he was denied medical, dental, and mental health care from March 8, 2006 to present by all defendants.  Again, Plaintiff has made only general and conclusory allegations that all defendants denied him care, gave him improper medications, refused to treat dental problems for three years, and refused to treat mental health needs.  While Plaintiff has provided a little more information about his claims, he has in effect simply restated what was set forth in his original complaint, that he was denied medical care.  Plaintiff was instructed to describe who did what to him, when, where, etc.  He did not do so.  As a result, Plaintiff's current allegations are insufficient to state a claim for relief against a specific defendant.

C. <u>Retaliatory Disciplinary Hearings</u>

Plaintiff's Claim 2d alleges a "[f]ailure to provide constitutional protects to all of the aforementioned egregious acts, and then retaliatory disciplinary proceedings resulting in custody increases, custody isolations, punishments for medical disabilities, transfers to maximum security prisons, and deprivation of human rights in seeking constitutional protections."  (Document 7-2--Rescan of Amended Complaint, p. 7).

As factual support for this claim, Plaintiff alleges Defendants Ken Cozby, David Penta, and Christians "sat in review of the disciplinary proceedings that transpired as a result of medical infirmity, and irregular conduct claimed by administrators and staff."  Plaintiff contends these disciplinary officers "chose a deliberate indifference to all the exculpatory evidences submitted for their reviews, by a denial of the necessary due process to evaluate and juxtapose the necessary evidences, that gave truth to the infractions claimed in the misadministration of medical needs and proper retention of personal property." (Document 7-2--Rescan of Complaint, p. 8).  Plaintiff also accuses Tim Muller, the hobby director at the prison, of a false disciplinary prosecution for extortion. (Document 7-2--Rescan of Complaint, p. 9).

In a prior case filed with this Court, Plaintiff raised a due process challenge to the same disciplinary hearings regarding failing to stand up for count (due to medical reasons) and extortion.  He also challenged his transfer from the Montana State Prison to Crossroads Correctional Center.  In his prior action, Plaintiff's allegations were dismissed for failure to state a claim upon which relief could be granted.  (See Civil Action No. 07-CV-0074-H-DWM-RKS).

Plaintiff's new claims regarding these same disciplinary hearings and the

alleged wrongful transfer are barred by res judicata.  Res judicata applies when

'the earlier suit . . . (1) involved the same 'claim' or cause of action as the later

suit, (2) reached a final judgment on the merits, and (3) involved identical parties

or privies." *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir.

2005)(quoting *Sidhu v. Flecto Co.*, 279 F.3 896, 900 (9th Cir. 2002)).  Res

judicata bars not only the claims brought in the prior suit but those claims that

could have been brought.  *See Troutt v. Colorado W. Ins. Co.*, 246 F.3d 1150,

1156 (9th Cir. 2001) (applying Montana's res judicata doctrine to determine

preclusive effect of Montana state court judgment on subsequent federal action);

*Fisher v. State Farm Gen. Ins. Co.*, 297 Mont. 201, 991 P.2d 452, 456 (1999)

(applying res judicata doctrine to claims that could have been brought, as well as

claims actually brought); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244

F.3d 708, 713 (9th Cir. 2001) (concluding that res judicata doctrine barred Title

VII claims that could have been included in state court complaint).

    Here, Plaintiff is attempting to raise the same claim against the same parties.

As Plaintiff's due process claims were previously dismissed on the merits,

Plaintiff cannot attempt to raise those claims again.  Similarly, he cannot raise

claims that he could have raised in that prior action, i.e., a retaliation claim

regarding the same disciplinary proceedings.  These claims should be dismissed.

## III.  PENDING MOTIONS

Plaintiff has also filed a Motion for Injunctive Relief (regarding Plaintiff's mail at the prison) and a Motion for an Extension of Time to allow Plaintiff to obtain counsel.  In light of the Court's Recommendation that this matter be dismissed, these motions should be denied without prejudice.  Should Judge Haddon not adopt these Findings and Recommendations, Plaintiff may refile these motions.

## IV.  CONCLUSION

Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief may be granted.  Plaintiff's mere listing of claims and defendants without providing a factual basis for said claims and a description of how each defendant participated in each claim is insufficient under Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff has not linked the actions of the named Defendants to the alleged constitutional deprivations.

Plaintiff need not be given an opportunity to file yet another amended complaint.  Plaintiff was given specific instructions on how to resolve these issues in his amended complaint.  He chose not to do so.  It is important to note that

Plaintiff is no stranger to the litigation process.  He is listed as a party in fourteen

cases in this District over a thirteen-year history.  In his prior cases, Plaintiff has

with excruciating detail explained his claims to the Court.  In Civil Action 07-CV-

00074-H-DWM (which brought claims similar to those alleged here), Plaintiff

filed an eleven-page complaint with 124 exhibits, a supplement to his complaint,

three memorandums in support of his complaint, two addendums to his complaint,

and six notices of filing exhibits in support of his complaint.

In Civil Action No. 06-CV-00059-M-DWM, Plaintiff filed an eight-page

detailed complaint with eight additional pages of exhibits, three supplements to his

complaint, and a memorandum brief.

In Civil Action No. 09-CV-38-M-DWM-JCL, Plaintiff filed a detailed

complaint regarding an exchange of property in the Spring of 2006.  Plaintiff was

capable of providing specific details regarding the exchange and the defendants

involved.  Plaintiff is perfectly capable of following this Court's instructions and

filing a coherent comprehensive complaint which complies with the Court's rules

and instructions.

Given Plaintiff's litigation history, it is unnecessary to give Plaintiff yet

another opportunity to file a second amended complaint with the same instructions

previously given.

A.   Three Strikes Provision of the Prison Litigation Reform Act

The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Ninth Circuit has advised that when assessing whether a case qualifies as a "strike" pursuant to section 1915(g), the terms "frivolous" and "malicious" must be defined by looking to their "ordinary, contemporary, [and] common meanings."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  The Court should designate this case as Plaintiff's fourth "strike" under this provision because Plaintiff's case fails to state a claim and is, at least in part, duplicative and therefore malicious.[1]  Duplicative or repetitious litigation of the same causes of action brought by prisoners proceeding in forma pauperis is subject to dismissal under 28 U.S.C. § 1915(e) as malicious.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Similarly, an in forma pauperis complaint that merely repeats pending or previously litigated claims may be

---

[1]Plaintiff received his first "strike" in Civil Action No. 06-CV-59-M-DWM, his second "strike" in Civil Action No. 07-CV-74-H-DWM-RKS, and his third "strike" in 09-CV-38-M-DWM-JCL.

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CASE – CV 09-00013-GF-SEH-RKS/ PAGE 10

considered abusive and dismissed under the authority of § 1915.  *See Cato v.*

*United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.

      B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the
> district-court action, or who was determined to be financially unable
> to obtain an adequate defense in a criminal case, may proceed on
> appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is
> filed-certifies that the appeal is not taken in good faith or finds that
> the party is not otherwise entitled to proceed in forma pauperis and
> states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be

taken in forma pauperis if the trial court certifies in writing that it is not taken in

good faith."  The good faith standard is an objective one.  *See Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith"

requirement if he or she seeks review of any issue that is "not frivolous." *Gardner*

*v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).

For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis

in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v.*

*Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in

good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain that Plaintiff's Amended Complaint is frivolous as it lacks arguable substance in law or fact. Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

C. Address Changes

At all times during the pendency of these actions, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, the Court issues the following:

## ORDER

Plaintiff's Motion for Extension (Document 13) is **DENIED WITHOUT PREJUDICE.**

Further the Court issues the following:

## RECOMMENDATIONS

1.  Plaintiff's Complaint (Document 2) and Amended Complaint (Document 7) and all addendums and supplements thereto should be **DISMISSED**.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  Plaintiff's Motion for an Order for Injunctive Relief and T.R.O. (Document 12) should be **DENIED AS MOOT.**

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and it is malicious.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this

decision would not be taken in good faith.  The record makes plain the instant

Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written

objections to these Findings and Recommendations within ten (10) business days

of the date entered as indicated on the Notice of Electronic Filing.  Any such filing

should be captioned "Objections to Magistrate Judge's Findings and

Recommendation."

A district judge will make a de novo determination of those portions of the

Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and

Recommendation.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District

Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be

filed until entry of the District Court's final judgment.

DATED this 18th day of June, 2009.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge