IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL ELLENBURG,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN SAM LAW, et. al.,<br><br>Defendants. | Cause No.  CV 09-00013-GF-SEH-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY RULE 59 MOTION |

Currently pending is Plaintiff's Motion for Return of Evidence and Case File (Court's Doc. 37) and Motion to Proceed Pursuant to Fed.R.Civ.P. 59. (Court's Doc. 38).  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

I.  RULE 59 MOTION

On December 4, 2009, Judge Haddon issued an Order adopting the Court's June 18, 2009 Findings and Recommendations to dismiss this matter.  (Court's Doc. 32).  Judgment was issued December 4, 2009. (Court's Doc. 33).  On December 10, 2009, the Court received Plaintiff's third written objections to the June 18, 2009 Findings and

Recommendations and a Motion for Partial Summary Adjudication. (Court's Docs. 34 and 35). Both the objections and the motion were dated by Plaintiff on November 23, 2009.

Plaintiff's Rule 59 motion seeks to reopen this matter on the basis that the Court did not consider the filings dated November 23, 2009 and filed December 10, 2009.

Under Federal Rule of Civil Procedure 59(e), a district court may, in its discretion, alter or amend a judgment if "the district court committed clear error or made an initial decision that was manifestly unjust." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc) quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)(citation omitted). Federal district courts enjoy broad discretion to amend or refuse to amend judgments under Rule 59(e). McDowell,

197 F.3d at 1256 (citation omitted).

Plaintiff seeks to vacate the Court's judgment in this matter on the grounds that the Court did not consider the "newly discovered evidence" presented in his November 23, 2009 filings because those filings were not received by the Court until December 10, 2009. There are two problems with Plaintiff's arguments. First, Plaintiff's third objections (Court's Doc. 34) were not considered because they were untimely. The Findings and Recommendations at issue were dated June 18, 2009. Pursuant to 28 U.S.C. § 636(b)(1)(C) a party has ten days after being served with a copy of the Findings and Recommendations to file written objections. Plaintiff's third set of objections were nearly six months late.

Secondly, Plaintiff's argument that the November 23, 2009 filings contained "newly discovered evidence" is ridiculous. No evidence was submitted in support of Plaintiff's December 10, 2009 filings. Rather Plaintiff seems to want the Court to order the production of Plaintiff's entire prison file to peruse for relevant evidence. While Plaintiff argues the judgment of dismissal is against the weight of the evidence, there

has been no evidence presented in this matter.

Plaintiff has not demonstrated that the Court committed clear error in its ruling, he did not present newly discovered evidence, and there has been no intervening change in the controlling law. The Motion should be denied.

## II. MOTION FOR RETURN OF EVIDENCE AND CASE FILE

Plaintiff's Motion for Return of Evidence indicates he submitted original evidence to the Court which is now needed for a new state court case which he has filed and which is being investigated by the Montana Department of Corrections. (Court's Doc. 37). As Plaintiff has been advised that he may request copies of his case file at his own expense, the Court has construed Plaintiff's motion as a request for copies without payment.

By statute, the Clerk of Court is required to collect payment for making copies of documents. Specifically, 28 U.S.C. § 1914 requires the Clerk to collect from the parties the fees prescribed by the Judicial Conference of the United States. Item 4 of the Judicial Conference Schedule of Fees provides that,

> [f]or reproducing any record or paper, $.50 per page. This fee shall apply to paper copies made from either: (1) original documents; or (2) microfiche or microfilm reproductions of the original records. This fee shall apply to services rendered on behalf of the United States if the record or paper requested is available through electronic access.

The in forma pauperis statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for in forma pauperis litigants. See 28 U.S.C. § 1915(a). It also allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court." 28 U.S.C. § 1915(b).

But "[t]here is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Tabron v. Grace, 6 F.3d 147, 159 (3rd Cir. 1993)(citing Moss v. ITT Continental Baking Co., 83 F.R.D. 624, 625 (E.D.Va. 1979) (quoting Haymes v. Smith, 73 F.R.D. 572, 574

(W.D.N.Y. 1976))).

Plaintiff was advised in the Clerk of Court's January 22, 2009 Notice of Case Opening (Court's Doc. 3) that all documents submitted would be scanned, filed in electronic form, and then discarded. There are no original documents remaining in Plaintiff's court file.

Therefore, the Court will deny Plaintiff's Motion for Return of Evidence and Case File to the extent he is requesting copies without payment of fees. Should the Department of Corrections need to examine any of Plaintiff's case file, it is available for viewing through the Pacer system. Should Plaintiff himself need copies of particular documents or the entire case file he should send a request with appropriate payment to the Clerk of Court's Office.

Based on the foregoing, the Court issues the following:

ORDER

Plaintiff's Motion to Return Evidence and Case File (Court's Doc. 37) as construed as a request for copies without charge is DENIED. Copies of the Court's file are available through the Clerk of Court's Office for fifty cents a page.

Further the Court issues the following:

## RECOMMENDATIONS

Plaintiff's Motion to Proceed Pursuant to Rule 59 of the Federal Rules of Civil Procedure (Court's Doc. 38) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1),

should not be filed until entry of the District Court's final judgment.

DATED this 16th day of December, 2009.


 /s/ Keith Strong
Keith Strong
United States Magistrate Judge